IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PULSEPOINT GROUP LLC, | § § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION NO. |
| PULSEPOINT, INC., | § § § | A11CV943   LY |
| Defendant. | § § § § § | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT AND
<u>UNFAIR COMPETITION</u>**

The Complaint of PulsePoint Group LLC (hereinafter "PulsePoint" or "Plaintiff"), appearing herein through the undersigned counsel, represents to the Court as follows:

**PARTIES**

1.  Plaintiff, PulsePoint, is a Texas limited liability company having a current address of 905 Congress Avenue, Austin, TX 78701.

2.  Defendant, PulsePoint, Inc. (hereinafter "Defendant" or "PI") is, upon information and belief, a Delaware corporation having an address of 345 Hudson Street, New York, New York 10015. Defendant may be served by serving its agent for service of process, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

**<u>NATURE OF THE ACTION; JURISDICTION OF THE COURT</u>**

3.  This is an action for trademark infringement and unfair competition under the Trademark Act of 1946, as amended, 15 U.S.C. §1125(a).

4. This Court has jurisdiction over this cause of action under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1121 and 1125(a), and under the Judicial Code of the United States, 28 U.S.C. § 1338. Personal jurisdiction and venue are proper in this district pursuant to 28 U.S.C. §§ 1391 because, on information and belief, Defendant maintains a place of business in this district and has committed and continues to commit complained of acts of trademark infringement in this judicial district.

### PLAINTIFF, ITS BUSINESS, AND ITS "PULSEPOINT" MARKS

5. Since at least as early as 2008, PulsePoint has used the marks PULSEPOINT and PULSEPOINT GROUP (hereinafter the "PULSEPOINT Marks") in connection with business management consultation in the fields of business strategy, brand management, reputation management, crisis management, digital and social engagement, integrated marketing, innovation, business communications, and change management.

6. PulsePoint has extensively promoted its services offered under the PULSEPOINT Marks through numerous diverse means, including but not limited to distributing press releases to announce the firm and its partners; building and maintaining www.pulsepointgroup.com and a blog; writing white papers; making sales calls on executives at more than 200 Global 1000 companies and leading institutions in major U.S. markets; hosting hundreds of prospect/client receptions and dinners in major U.S. markets; writing a weekly column for the publication *PR Week* in connection with which the PULSEPOINT GROUP mark was displayed; having members of PulsePoint teach as adjunct professors selected undergraduate and graduate courses from 2008 to the present at the University of Texas and the University of Southern California on strategic communications and social media; and conducting more than twenty one-to-two day courses on social engagement for Global 1000 companies and major institutions. As a result of such efforts, the PULSEPOINT Marks are recognized as a designation of the quality services

offered by PulsePoint, and PulsePoint has developed considerable goodwill in the PULSEPOINT Marks. Copies of selected pages from Plaintiff's website illustrating examples of the use by Plaintiff of the PULSEPOINT Marks are attached as Exhibit A.

7. The PULSEPOINT Marks and the goodwill associated therewith are valuable assets of PulsePoint.

## DEFENDANT AND ITS ACTIVITIES

8. On information and belief, PI was formed as a Delaware Corporation in September of 2011. On information and belief, Datran Media Corp. ("Datran Media"), a Delaware Corporation, was merged into PI in September of 2011. On information and belief, ContextWeb, Inc., a Delaware corporation, was merged into Pulsepoint, Inc. in September of 2011. On information and belief, Defendant began advertising, promotion, and use in late September or in October of 2011 of the mark "PULSEPOINT" for services that are allegedly "committed to helping marketers and publishers gain greater audience transparency and deeper engagement across digital channels." Copies of late September and October press releases relating to the merger and to the offering by Defendant of services under the mark PULSEPOINT are attached as Exhibit B.

9. Datran Media, now PI, has an office in Austin, Texas, located at 701 Brazos Street, Suite 800, Austin, Texas 78701.

10. Defendant's use of PULSEPOINT in connection with its services will allow Defendant to receive the benefit of the goodwill and recognition built up at great labor and expense by PulsePoint in the PULSEPOINT Marks and will allow Defendant to gain acceptance for its services based not solely on Defendant's own merits, but also on the reputation and goodwill of PulsePoint.

11. Defendant's use of PULSEPOINT constitutes an invasion of valuable property rights of Plaintiff in the PULSEPOINT Marks and in the attendant goodwill in a manner that unjustly enriches Defendant.

12. Defendant's use of PULSEPOINT places the valuable reputation and goodwill of PulsePoint in the hands of Defendant, over whom PulsePoint has absolutely no control.

13. While prior knowledge by Defendant is not necessary for Plaintiff to prevail, upon information and belief, Defendant was fully aware of the use by PulsePoint of the PULSEPOINT Marks prior to Defendant's adoption of PULSEPOINT for its services and has acted in callous disregard of Plaintiff's rights.

14. The above-mentioned activities of Defendant are likely to cause confusion, or to cause mistake, or deceive customers and potential customers of Plaintiff, at least as to affiliation, approval, or sponsorship.

## COUNT I

### FEDERAL TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

15. Plaintiff re-alleges paragraphs 1-14 hereof as if fully set forth herein.

16. The acts of Defendant complained of above constitute common law trademark infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

17. Upon information and belief, the acts of Defendant complained of above are willful and deliberate, entitling PulsePoint to recovery of attorneys fees under 15 U.S.C. § 1117.

## IRREPARABLE INJURY

18. The acts of Defendant complained of above are jeopardizing and, if allowed to proceed, will continue to jeopardize the goodwill of Plaintiff in the PULSEPOINT Marks. Such acts have caused and are causing irreparable injury to Plaintiff and the consuming public.

19. Unless the acts of Defendant complained of above are restrained by this Court, they will be continued and they will cause irreparable injury to Plaintiff and to the public for which there is no adequate remedy at law.

WHEREFORE, Plaintiff prays:

(a) That Defendant, its officers, directors, partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be preliminarily and permanently enjoined and restrained from using in connection with the promotion, advertising, offering or rendering of any goods or services, any name or mark including the term PULSEPOINT, or any mark confusingly similar to PULSEPOINT;

(b) That Defendant, its officers, directors, partners, agents, servants, employees, attorneys, successors, assigns, related companies, and those acting in concert with them and/or any of them, be required to deliver to the Court for destruction, or to show proof of said destruction, of any and all displays, signs, circulars, promotional materials, advertisements, pens, directories, pamphlets, and other materials in Defendant's possession, custody, or control which bear or depict the PULSEPOINT Marks or any mark confusingly similar to the PULSEPOINT Marks which is used in connection with the offering of by Defendant of its services, as well as all plates, molds, casts, and other means of reproducing, counterfeiting,

copying or otherwise imitating the PULSEPOINT Marks or any mark confusingly similar thereto in association with the offering of such services;

(c) That Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty days after the entry of an injunction, a report in writing and under oath setting forth in detail the manner in which Defendant has complied with the injunction;

(d) That, pursuant to 15 U.S.C. § 1117(a), Plaintiff be awarded its reasonable attorney fees; and

(e) That Plaintiff be awarded such other and further relief as the Court may deem appropriate pursuant to the facts and the principles of equity.

Dated: _November 4, 2011_

Respectfully Submitted,

_____
William D. Raman
Wong, Cabello, Lutsch, Rutherford,
& Brucculeri
State Bar No. 16492700
221 West 6th Street
Suite 950
Austin, Texas 78701
512-473-2550
512-473-2555(fax)

Email: BRaman@counselIP.com

ATTORNEYS FOR PLAINTIFF
PULSEPOINT GROUP LLC